UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

SCOTT WILLIAMS,

Defendant.

---

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 2 3 2017 ★

15-CR-382   BROOKLYN OFFICE

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

Appearances

For United States:

Michael P. Robotti
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7520
michael.robotti@usdoj.gov

Marcia M. Henry
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6076
marcia.henry@usdoj.gov

For Defendant:

Mitchell Alan Golub
Golub & Golub, LLP
225 Broadway
Suite 1515
New York, NY 10007
212-693-1000, x12
mgolub@golublaw.com

i

## Table of Contents

I.    **Introduction** ..................................................................................................................1
   A.  **Instant Offense**....................................................................................................1
   B.  **Arrest**................................................................................................................2
   C.  **Guilty Plea**.......................................................................................................3
   D.  **Sentencing Hearing**..........................................................................................3
II.   **Offense Level, Category, and Sentencing Guidelines Range**..........................3
III.  **Law**........................................................................................................................4
IV.  **18 U.S.C. § 3553(a) Considerations**.................................................................5
V.    **Sentence**...............................................................................................................6
VI.  **Conclusion**...........................................................................................................7

## I.   Introduction

Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C). *See* Guilty Plea Transcript, March 3, 2016, ECF No. 349 ("Pleading Tr."), at 18. He participated in a drug trafficking organization ("DTO") to distribute heroin in Queens, New York. Ten other defendants are currently awaiting trial or sentencing and one other defendant has been sentenced in the above-captioned case.

On February 6, 2017, he was sentenced to time served, 3 years of supervised, and a $100 special assessment. *See* Sentencing Hr'g Tr., Feb. 6, 2017 ("Sent. Hr'g").

### A. Instant Offense

Mr. Williams is a thirty-one year-old African American man born in Queens, New York. Presentence Investigation Report, June 30, 2016 ("PSR") at 2. An investigation commenced by Homeland Security Investigation ("HSI") and other law enforcement agencies in 2013 revealed that Mr. Williams, together with Kamel Lambus, Stanley Fuller, Shavona Trappier, Shakeem Powell, Sean Brabram, Henry Curry, Tyrone Thomas, Andre Mitchell, Earl Davis, Michael Scott, and Tyran Trotter ("defendants"), was participating in a drug trafficking organization ("DTO") called the Paper Chasing Goons. PSR at ¶ 3-4. Some of the other defendants have

been sentenced; some are awaiting sentencing; two are awaiting trial. The investigation revealed that the DTO maintained access to narcotics and firearms; some of its members distributed heroin to a network of drug traffickers who then sold it to customers. *Id.* at ¶¶ 3-4. Members of the DTO sold heroin from several stash houses, and during the course of the investigation, it was determined that a mobile telephone was used to distribute heroin to the DTO's customers. *Id.* at ¶¶ 4-5.

Mr. Williams received heroin from a conspirator, one Stanley Fuller. *Id.* at ¶ 10. On November 10, 2014, Mr. Williams arranged to sell approximately 1 sleeve (100 glassines) of heroin to a confidential source. *Id.* The heroin Mr. Williams sold was marked with a gold foil circle with a black fist with the word "Power" depicted on the fist. *Id.* The net weight of the heroin was 3.4 grams with an 84.4% purity level. *Id.* The case agent advised that there is no evidence that Mr. Williams possessed, used or had access to a firearm in connection with the drug distribution scheme. *Id.* He is only being prosecuted for the heroin he personally distributed—his participation was limited to receiving heroin from Fuller on one occasion. *Id.*

**B. Arrest**

Defendant was arrested by Homeland Security Investigation ("HSI") agents on July 8, 2015. *Id.* at ¶ 9. He was released on a $150,000 unsecured bond with Pretrial Services supervision conditions on July 9, 2015. *Id.* at 1. The defendant has complied with all court-ordered conditions of release except testing positive for marijuana usage twice on July 13, 2015 and August 14, 2015. *Id.* at ¶ 3. A violation of conditions of release memorandum was not submitted to the Court because the defendant admitted smoking marijuana the day prior to his arrest on July 8, 2015, and positive urinary tests reveal residual drugs in the person's body. *Id.*

## C. Guilty Plea

In March, Mr. Williams pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C). *See* Pleading Tr. at 18-19. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 was mandatory. 18 U.S.C. § 3013. The statutory provisions and Sentencing Guidelines ("Guidelines") impose a mandatory term of supervised release of three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

### D.    Sentencing Hearing

A sentencing hearing was conducted on March 1, 2017. *See* Sent. Hr'g. The hearing was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). At the hearing, the government dismissed all open counts then pending against Mr. Williams. *See* Sent. Hr'g.

## II.    Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 12, with a criminal history category of IV. *See* PSR at ¶¶ 33, 55. The offense level was decreased by two points pursuant to U.S.S.G. § 3E.1.1(a) for defendant's acceptance of responsibility. *Id.* at ¶¶ 40-41. The total adjusted offense level is 10. *Id.* at ¶ 41. The parties do not object to this calculation. *See* Sent. Hr'g. The Guidelines imprisonment range is 15 to 21 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 86.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from them in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)

(footnote omitted) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

## III.    Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.,* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National

4

Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.    18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Williams was born in 1985 in Queens. PSR at ¶ 60. His parents separated soon after his birth. *Id.* Mr. Williams has stated that from the ages two to about eight or nine, he resided with his paternal grandmother until his mother was awarded custody. *Id.* at ¶ 64. He does not get along with his father, last spoke to him in 2001 and is currently unaware of his whereabouts. *Id.* Since 2001, the defendant has lived with his mother and siblings in Queens. In April 2016, they moved because they could no longer afford the rent. *Id.* at ¶ 65. Mr. William's mother currently resides in South Carolina with a friend and works as a customer service representative. *Id.* at ¶ 60. She is aware of defendant's conviction and is supportive. *Id.* at ¶ 60.

Defendant has four maternal half-siblings. *Id.* at ¶ 61. Robert Gibson is currently serving an 8-year custodial sentence and the defendant has stated that he has become a "father figure" to Mr. Gibson's twelve year old son, who resides in New York. *Id.* Latoya Gray lives in the Bronx with her two children and works as a home aide. *Id.* Dontae Grat resides in Queens and works as a laborer. *Id.* Tonya Gray lives in Queens with her father and works at a movie theater. *Id.*

Mr. Williams is currently in a relationship with his fiancée Briyanna Evans. They are looking forward to having their first child together. Addendum to the Presentence Investigation Report, Feb. 24, 2017 ("APSR") at 7. Mr. Williams's half-siblings and his fiancé are aware of his conviction and are supportive. PSR at ¶ 61; APSR at 7.

5

Defendant dropped out of high school after completing the tenth grade. PSR at ¶ 74. Since his arrest, he has successfully completed an online program at Continental Academy and obtained his diploma. APSR at 5.

Currently, he is working at two jobs. *Id.* at ¶¶ 75-76. He is employed as a driving instructor and earns $500 per week. He also works part-time for a company where he advises customers about the foreclosure process, earning $240 per week. *Id.* In addition, he is preparing to begin training with the New York City Fire Department for a position as an electrician. APSR at 5. Prior to his arrest, the defendant worked at several part-time and seasonal jobs including working as a UPS stock person earning $10.50 an hour, and at Walmart as a service worker earning $9 an hour. *Id.* at ¶¶ 77- 81.

Beginning in 2001, at the age of 16, the defendant began to use marijuana; he reported that he smoked a blunt per day until his arrest for the instant offense on July 8, 2015. *Id.* at ¶ 70. Although the defendant had, in 2011, completed a six-month drug/alcohol abuse program in Queens, while he was released on bail for the instant offense, he tested positive for marijuana on two occasions. *Id.* at ¶¶ 70-71. Prior to his current offense, defendant had two felony and ten misdemeanor convictions. *Id.* at ¶¶ 43-54.

Mr. Williams' involvement in the DTO involved no use of firearms or supervision of others. *Id.* at ¶ 10. He has repeatedly accepted responsibility for his offenses. *Id.* at ¶ 40; Sent. Hr'g.

### V.    Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Williams is sentenced to time-served of one day. *See* Sent. Hr'g. A $100 special assessment was

6

imposed. 18 U.S.C. § 3013. No fine was imposed in light of the defendant's inability to pay one. *See* Sent. Hr'g; PSR at ¶ 104. Three years of supervised release was ordered. *See* Sent. Hr'g. While on supervised release, the defendant shall maintain employment; shall not possess a firearm or ammunition; shall be subject to a search condition; and shall not associate with any gang members or criminals. *Id.*

General and specific deterrence are achieved by the sentence imposed. Mr. Williams pled guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions. He has a stable job and family. An incarceratory sentence would interfere with rehabilitation.

## VI.    Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 13, 2017
Brooklyn, New York

7